1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   CAROLYN MARTIN

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9  CAROLYN MARTIN                       CASE NO. C 05-04649 JL
                                         Civil Rights
10         Plaintiff,

11 v.                                    **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

12 JOHN M. AND NANCY L. DONKONICS
   REVOCABLE TRUST; THE EMBERS,
13 INC;JIMCHRISTENSEN AND PATRICIA
   CHRISTENSEN, individually and doing
14 business as THE EMBERS; and DOES 1-
   25, Inclusive,
15
           Defendants.
16 _____/    **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff CAROLYN MARTIN complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A SHOPPING CENTER AND RESTAURANT**
(§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)

1. Plaintiff Carolyn Martin is a "person with a disability" or "physically handicapped person."[1] Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial to Plaintiff Carolyn Martin of disabled accessible parking, paths of travel, signage and related facilities in the common areas of the Del Monte Shopping Center located at 600 San Pablo Avenue, Pinole, Contra Costa County, California and the denial of parking, path of travel, entry, counter seating, public restrooms, telephones, signage, and related facilities at the Embers restaurant in the Center. Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Plaintiff was denied her rights to full and equal access at the Center and the restaurant because they were not, and are not now, facilities properly accessible to physically disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make their facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry, proper accessible facilities, and proper access to usable sanitary facilities. Plaintiff also seeks recovery of damages for her personal injuries and discriminatory experiences and denial of access, which is continuing as a result of Defendant's failure and refusal to provide accessible facilities, and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in the San Francisco/Oakland intradistrict and Plaintiff's causes of action arose in the San Francisco/Oakland intradistrict.

6. **PARTIES:** Defendants are the owners, operators, lessors, lessees, franchisors and/or franchisees of the property, restaurant, and related facilities and/or portions thereof which are the subject of this lawsuit. This property, restaurant, and related facilities are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code §54, et seq. On information and belief, the property, restaurant, and and facilities have, since July 1, 1970, undergone new construction and/or "alterations, structural repairs, or additions" subjecting such property, restaurant, and facilities to disabled access requirements per §19955-19959, et. seq. Health & Safety Code.

7. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff ; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and were the owners, operators, lessors,

lessees, franchisors and/or franchisees of the subject property, restaurant and/or related facilities at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code.

10. §§19955 and 19955.5 Health & Safety Code were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each new construction and/or "alteration, structural repair, or addition" which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such new construction or "alteration, structural repair or addition" is carried out. On information and belief, Defendants have carried out new construction or "alterations, structural repairs, or additions" to the property, restaurant, and related facilities during the period Title 24 has been in effect. On information and belief, New construction or "alterations, structural repairs, or additions" which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450ff Government Code.

11. On or about May 31, 2005 Plaintiff, who requires the use of a wheelchair for

mobility, arrived at the Del Monte Center with friends in her wheelchair accessible van for lunch at the Embers restaurant and for shopping. None of the purported "accessible" spaces in the Center were van accessible, none had access aisles or post mounted signs, and most if not all were on significant cross slopes. After parking and exiting her van with considerable difficulty, Plaintiff encountered walkways that were too steep and proceeded with some difficulty to the Embers restaurant. Because the entry door to the restaurant was too heavy, Plaintiff required the assistance of one of her friends to gain entry to the interior of the restaurant. During the time that Plaintiff was in the restaurant, she required the use of the women's restroom. Unfortunately, Plaintiff was not able to use the restroom because it is totally inaccessible to and unuseable by persons such as Plaintiff who require the use of a wheelchair for mobility. Because Plaintiff could not use the restaurant restroom, she urinated on herself and departed the restaurant, with her friends, for home.

12. In addition to the above, the Center and restaurant do not comply with federal and/or state disabled access requirements in other particulars, including but not limited to the following: lack of post mounted signs for the purportedly "accessible' parking spaces; lack of towing notifications signs; many walkways that are too steep; certain curb ramps with vertical lips that are too high; a pedestrian pathway from the public way which is blocked by a light pole and which lacks connecting curb ramps; lack of proper signage; and lack of a properly accessible men's restroom. The property, restaurant, and related facilities should be brought into compliance with all applicable code requirements.

13. As a result of her encounter at the Center, restaurant, and related facilities, Plaintiff has been denied full and equal access in violation of her civil rights, all to her embarrassment and humiliation, and she has suffered personal injuries and actual and statutory damages according to proof.

14. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

15.    Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

16.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the Center, the restaurant, and related public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Plaintiff, who wishes to return to the Center and restaurant, is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this Center, restaurant and related facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.  Further, Defendants should also provide accessible restrooms for disabled men, without the necessity of a separate lawsuit or requiring one or more disabled men to join in as party Plaintiffs in this lawsuit.

17.    **DAMAGES:** As a result of the denial of equal access to the Center, restaurant, and related facilities,  and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the Center, restaurant and related facilities, Plaintiff suffered a violation of her Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered personal injuries, physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the  public facilities

on a full and equal basis as other persons.  Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

18.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney's fees, litigation expenses, and costs, pursuant to the provisions of §§54.3 and 55 Civil Code.  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other applicable law.

19.     Wherefore Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the respects complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law.  Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs  pursuant to §19953 Health & Safety Code,  Civil Code §54.3 and 55,  Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

20.     Plaintiff repleads and incorporates by reference, as if fully set forth  herein, the allegations contained in  Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21.     Pursuant to law, in 1990 the United States Congress made findings per 42 USC

§12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

22. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

23. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Defendants are "private entities" which are considered "public accommodations" for purposes of this title.

24. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

25. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

26. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, and on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per §19959 California Health and Safety Code.

27. On information and belief, as of the dates of Plaintiff's encounter at the premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

28. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff

is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

29.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

Wherefore Plaintiff prays for relief as hereinafter stated:

**PRAYER**

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, lessees, franchisors and/or franchisees of the property, restaurant, and related facilities to modify the above described property, restaurant, and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 11/8/05              SIDNEY J. COHEN
                            PROFESSIONAL CORPORATION

                                    /s/ Sidney J. Cohen

                            By_____
                                    Sidney J. Cohen
                                    Attorney for Plaintiff Carolyn Martin

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 11/8/05              SIDNEY J. COHEN
                            PROFESSIONAL CORPORATION

                                    /s/ Sidney J. Cohen

                            By_____
                                    Sidney J. Cohen
                                    Attorney for Plaintiff Carolyn Martin

**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated: 11/8/05              SIDNEY J. COHEN
                            PROFESSIONAL CORPORATION

                                    /s/ Sidney J. Cohen
                            By_____
                                    Sidney J. Cohen
                                    Attorney for Plaintiff Carolyn Martin